IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ROBERT POTTER, *et al.*, | ) | |
| | ) | |
| *Plaintiffs*, | ) | NOTICE OF REMOVAL |
| | ) | |
| v. | ) | 06-cv-929-MJR |
| | ) | |
| JANUS INVESTMENT FUND, *et al.*, | ) | (Circuit Court for Madison County, |
| | ) | Illinois, Case No. 2003 L 001254) |
| *Defendants*. | ) | |
| | ) | |

Defendants hereby remove this action to the District Court for the Southern District of Illinois pursuant to 15 U.S.C. §§ 77p & 78bb(f) and/or 28 U.S.C. §§ 1441 & 1446(b).

**BACKGROUND**

1. Plaintiffs initially filed this action in the Circuit Court for Madison County, Illinois, on September 16, 2003. A copy of the Summons and Complaint, together with all other process, pleadings and orders filed in the Circuit Court and served upon defendants, are attached hereto as Exhibit A. Defendants timely removed the action to this Court on October 3, 2003 (Civil Action No. 03-692 (DRH)) on the ground, *inter alia*, that plaintiffs' claims are precluded by the Securities Litigation Uniform Standards Act of 1998 (SLUSA). 15 U.S.C. §§ 77p & 78bb(f). SLUSA permits the removal of state law class actions that allege specified misconduct "in connection with" the purchase or sale of securities, and requires that such claims be dismissed. *See id.*

2. On December 9, 2003, plaintiffs filed a motion for remand, arguing that because the putative class was purportedly comprised of "holders" of securities, rather than purchasers or sellers, their claims did not meet SLUSA's "in connection with" requirement and, therefore, were not subject to SLUSA removal and preclusion. *See* Exh. B. Several circuit and district

court decisions supported plaintiffs' position, which this Court accepted. The Court remanded the case to state court on February 9, 2004. *Potter v. Janus Inv. Fund*, 2004 U.S. Dist. LEXIS 9181 (S.D. Ill. Feb. 9, 2004), Exh. C.

3. Defendants noticed timely appeals of the remand order to the United States Court of Appeals for the Seventh Circuit on March 10, 2004. The Seventh Circuit consolidated their appeals (assigned Nos. 04-1650 & 04-1651) with other related appeals under the lead caption *Kircher v. Putnam Funds Trust, et al.* (assigned No. 04-1495); we shall therefore refer to these appeals as the "*Kircher* appeals." The Seventh Circuit proceeded to issue two published opinions in the *Kircher* appeals. In the first, the Seventh Circuit held that it had appellate jurisdiction to review this Court's remand order notwithstanding the general bar on the appealability of remand orders in 28 U.S.C. § 1447(d). *Kircher v. Putnam Funds Trust*, 373 F.3d 847 (7th Cir. 2004) (*Kircher I*), Exh. D. In the second, the Seventh Circuit held that SLUSA does apply to, and precludes, so-called "holder" claims. Accordingly, the court of appeals reversed the remand order and held that this action must be dismissed. *Kircher v. Putnam Funds Trust*, 403 F.3d 478 (7th Cir. 2005) (*Kircher II*), Exh. E.

4. The Seventh Circuit's decision in *Kircher II* created a direct conflict with *Dabit v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 395 F.3d 25 (2d Cir. 2005), in which the Second Circuit held that "holder" claims are beyond SLUSA's preclusive reach. On September 27, 2005, the United States Supreme Court granted certiorari in *Dabit* to resolve the split. The question on which certorari was granted was "[w]hether, *as the Seventh Circuit held [in Kircher II] and in direct conflict with the decision below, SLUSA preempts state law class actions . . . brought solely on behalf of persons who were induced thereby to hold or retain (and not purchase or sell) securities?*" Exh. F (emphasis added), *available at*

2

http://www.supremecourtus.gov/qp/04-01371qp.pdf.  The Supreme Court answered that question in the affirmative, expressly approving the Seventh Circuit's construction of SLUSA's preclusive scope in *Kircher II*. *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit*, 126 S. Ct. 1503, 1507 (2006) ("The background, the text, and the purpose of SLUSA's pre-emption provision all support the broad[] interpretation adopted by the Seventh Circuit [in *Kircher II*]"), Exh. G.  Thus, as the Seventh Circuit recently explained, both it "(in *Kircher II*) and the Supreme Court (in *Dabit*) have held that the district judge's 2004 [remand] decision was mistaken."  *In re Mut. Fund Market-Timing Litig.*, 2006 U.S. App. LEXIS 25660, at *10 (7th Cir. 2006) (*Kircher IV*), Exh. H.

   5. After the Seventh Circuit rejected plaintiffs' argument that SLUSA does not preclude state law class actions brought only by holders of securities, plaintiffs filed an amended complaint in this Court in a further effort to avoid dismissal of their claims under SLUSA.  *See* Exh. I.  Plaintiffs maintained that the "negligent" misconduct alleged in their complaint did not fall within SLUSA's preclusive reach and that the case should therefore be remanded notwithstanding *Kircher II*. *Id.* at 4.  On May 27, 2005, this Court struck plaintiffs' amended complaint, holding that it did not provide a new basis for remand.  *See* Exh. J.  The Court also held that it had removal jurisdiction over the case, vacated its earlier remand order, and dismissed all of plaintiffs' claims with prejudice as precluded by SLUSA.  *See id.*

   6. Plaintiffs noticed an appeal from the dismissal order on June 27, 2005.  The Seventh Circuit consolidated plaintiffs' appeal in this case (assigned No. 05-2895) with appeals in related cases under the lead caption *Potter v. Janus Investment Fund, et al.*; we shall therefore refer to these appeals as the "*Potter* appeals."  In four of the related cases—each of which involves complaints that are functionally identical to plaintiffs' that were likewise remanded by this Court in early 2004—the defendants had not appealed the remand order.  Instead, they re-removed after

3

*Kircher II* was decided. This Court denied the motions to remand those cases, holding that all of SLUSA's conditions for removal were satisfied and that the cases must be dismissed. *Bradfisch v. Templeton Funds*, 2005 U.S. Dist. LEXIS 14500, at *8 (S.D. Ill. July 12, 2005) ("*Kircher* instructs that lawsuits based on allegations such as those in Plaintiffs' complaint herein satisfy [SLUSA's] four conditions and fall within SLUSA's reach. Accordingly, this action could be removed under 15 U.S.C. § 77p(c). Furthermore, *Kircher* mandates that this Court dismiss all of Plaintiffs' state law claims as barred by SLUSA."), Exh. K; *Kwiatkowski v. Templeton Growth Fund, Inc.*, 2005 U.S. Dist. LEXIS 41946, at *2-3 (S.D. Ill. Aug. 24, 2005) ("the Seventh Circuit found that the broad preemptive effect of SLUSA effectively blocks state court litigation of such claims"), Exh. L. Prior to its disposition of the rest of the *Potter* appeals, the Seventh Circuit "affirmed [this Court's dismissal of *Bradfisch* and *Kwiatkowski*] by unpublished order relying on *Dabit. See Bradfisch v. Templeton Funds, Inc.*, 2006 U.S. App. LEXIS 12394 (7th Cir. May 19, 2006), *rehearing denied* (with additional explanation) (June 15, 2006) [Exh. M]." *Kircher IV*, 2006 U.S. App. LEXIS 25660, at *9-10, Exh. H.

7. Meanwhile, with the *Potter* appeals pending in the Seventh Circuit, plaintiffs sought review of *Kircher I & II* in the United States Supreme Court. The Supreme Court granted review on January 6, 2006, limited to the question of appellate jurisdiction addressed in *Kircher I*. See Exh. N, *available at* http://www.supremecourtus.gov/qp/05-00409qp.pdf. Review of *Kircher II* was not granted because the conflict created by that decision was going to be squarely resolved in *Dabit. See* Exh. F. On June 15, 2006, the Supreme Court held that the Seventh Circuit did not have appellate jurisdiction to review this Court's remand order, and directed the Seventh Circuit to dismiss the *Kircher* appeals. *Kircher v. Putnam Funds Trust*, 126 S. Ct. 2145 (2006) (*Kircher III*), Exh. O. The judgment issued on July 17, 2006.

4

8. On October 16, 2006, the Seventh Circuit issued an opinion dismissing the *Kircher* appeals pursuant to the Supreme Court's mandate in *Kircher III*, vacating the district court's judgments of dismissal in the *Potter* appeals, and ordering that the cases be remanded to state court. *Kircher IV*, 2006 U.S. App. LEXIS 25660, Exh. H. The Seventh Circuit explained that it had appellate jurisdiction over the *Potter* appeals and that, according to *Kircher II*, plaintiffs' claims are precluded by SLUSA. *Id.* at *4. It nonetheless declined to summarily affirm this Court's judgments of dismissal because *Kircher III* required it to "rewind the litigation to the date in 2004 when *Kircher I* erroneously asserted appellate jurisdiction—a step that would return each case to state court." *Id.* at *6.

9. The Seventh Circuit pointedly observed, however, that an order of remand "does not block a successive removal if facts *or law* change after the initial remand," and that "*Dabit* supplies an intervening change of law" that might warrant such a removal. *Id.* at 11 (emphasis added). The Court recognized that defendants intended to re-remove the case on the ground "that a second removal is authorized either by 28 U.S.C. § 1446(b) (a new 30-day period for removal opens once an order first demonstrates that the case is removable) or by SLUSA." *Id.* at *7. It explained that "[t]here will be time enough to address these arguments if they become important; their resolution ought not be anticipated before the steps that make them relevant have been taken." *Id.* at *7-8.

10. On November 9, 2006, the state court entered an order re-opening the case in that court. *See* Exh. P.

5

## BASES FOR REMOVAL

I.   **The Court Has Removal Jurisdiction Over This Case**

11. This case is both within this Court's removal jurisdiction and precluded by SLUSA. As the Seventh Circuit summarized in *Kircher IV*:

> Plaintiffs maintain that the funds are liable because they were vulnerable to arbitrageurs who exploited the fact that, when the mutual funds' shares were priced (at 4 P.M. New York time every business day), the funds valued securities of foreign issuers at their closing prices in the issuers' home markets rather than the latest trading price in any liquid market. If prices move after the issuers' home-market close, but before 4 P.M. in New York, the difference creates arbitrage opportunities at the expense of investors who follow a buy-and-hold strategy. Plaintiffs contend that the funds should have made arbitrage unprofitable by changing the rules for valuing the securities in the funds' portfolios or imposing fees on short-swing trades.
>
> *Kircher II* held that *claims of this kind arise under federal securities law* because disclosure of the funds' practices and vulnerabilities would preclude recovery, and that, because plaintiffs have not taken advantage of the exception for derivative litigation, *the state-law claims are preempted by the Securities Litigation Uniform Standards Act of 1998 (SLUSA)* even though at least some of the investors held their shares throughout the class periods. . . .

2006 U.S. App. LEXIS 25660, at *1-2 (emphasis added), Exh. H. While *Kircher II* has been vacated by *Kircher III*, the Supreme Court clearly did not reject the underlying reasoning of that decision and it therefore remains highly persuasive authority. *See Christianson v. Colt Industries Operating Corp.*, 870 F.2d 1292, 1298-1299 (7th Cir. 1989); *United States ex rel. Espinoza v. Fairman*, 813 F.2d 117, 125 n.7 (7th Cir. 1987).

12. Indeed, the Supreme Court expressly "agreed with [the] substantive approach" of *Kircher II* in *Dabit*. *Kircher IV*, 2006 U.S. App. LEXIS 25660, at *2, Exh. H. *Dabit* is clearly controlling here, and unequivocally rejects the *sole* basis for the 2004 remand order—*viz.*, that SLUSA does not apply to so-called "holder" class actions. *See Kircher III*, 126 S. Ct. at 2151 n.5 (explaining that *Dabit* rejected the reasoning underlying this Court's prior remand), Exh. O.

13. In light of *Dabit*'s rejection of the only argument that plaintiffs advanced against SLUSA when the case was last before this Court, plaintiffs have sought to evade SLUSA preclusion by pointing to their allegations of "negligence." In the Supreme Court, however, plaintiffs conceded that SLUSA reaches negligence claims. Tr. of *Kircher* Arg. at 57, Exh. Q (excerpt). Moreover, the Seventh Circuit has *twice* rejected plaintiffs' new-found argument that their "negligent mismanagement" claims do not allege misconduct that falls within SLUSA's parameters. *See Kircher II*, 403 F.3d at 484 ("if these funds had stated bluntly in their prospectuses (or otherwise disclosed to investors) that daily valuation left no-load funds exposed to short-swing trading strategies, that revelation would have squelched litigation of this kind"), Exh. E; *Bradfisch v. Templeton Funds, Inc.*, 2006 U.S. App. LEXIS 12394, at *2 (7th Cir. 2006) ("Although the plaintiffs maintain that *Dabit* does not control because (in their view) the defendant funds have been negligently managed, they have not sought relief through derivative litigation and therefore cannot take advantage of the exception for that kind of suit in the Securities Litigation Uniform Standards Act of 1998"), Exh. M.[1] The federal court overseeing the multidistrict mutual fund litigation has similarly concluded that "negligence" claims identical to plaintiffs'—in actions where the investors are represented by the same lawyers, who advanced identical arguments— are precluded by SLUSA. *See Mehta v. AIG Sunamerica Life Assur. Co. (In re Mut. Funds Inv. Litig.)*, 437 F. Supp. 2d 439 (D. Md. 2006) (attached hereto as Appendix A), *appeal pending*.

---

[1] While the Seventh Circuit's decision in *Bradfisch* is unpublished, it falls within the "law of the case" exception to the no-citation rule. *See* 7th Cir. R. 53(b)(2)(iv). As explained *supra*, *Bradfisch* was consolidated with this case on appeal.

## II. Removal Is Procedurally Proper

14. This Notice is timely under 28 U.S.C. § 1446(b), which provides that

> [i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . .

According to this Court's original remand order, the case stated by the initial pleading was not removable. *Potter*, 2004 U.S. Dist. LEXIS 9181, at *8 ("SLUSA does not permit removal of Plaintiffs' claims"), Exh. C. Regardless of its correctness, this Court's order establishes "as between these parties and for purposes of this case, that, at the time of the filing of the first petition for removal, the case was not removable." *Powers v. Chesapeake and Ohio RR Co.*, 169 U.S. 92, 97-98 (1898). Intervening decisions from the United States Supreme Court (*Dabit*, *Kircher III*) and the Seventh Circuit (*Kircher II*, *Bradfisch*, *Kircher IV*) now make perfectly clear, however, that SLUSA does permit removal of this case. *See Benson v. SI Handling Sys., Inc.*, 188 F.3d 780, 782-83 (7th Cir. 1999) (second removal not barred "when intervening events justfy that step"). Defendants have filed this Notice within 30 days after receipt of the Seventh Circuit's decision in *Kircher IV*, which—for the first time since the change in law—has placed this case in a position to be removed (*i.e.*, back in state court), and which confirms that it is, in fact, removable. *Kircher IV*, 2006 U.S. App. LEXIS 25660, at *2 ("claims of this kind arise under federal securities law"), Exh. H.

15. Defendants have also removed this case within 30 days of their receipt of the state court's order re-opening the file in this case. *See* Exh. P. The state court closed the file in this case in June 2005, before the Supreme Court's decision in *Dabit*. The state court ordered the file in this case re-opened on November 9, 2006, following the Seventh Circuit's decision in *Kircher IV*.

8

16. Defendants recognize that this Court, in *dicta*, held that § 1446(b) did not authorize re-removal in *Bradfisch* and *Kwiatkowski*. The defendants in *Bradfisch* and *Kwiatkowski*, however, attempted to rely on the Seventh Circuit's decision in *Kircher II* to bring their cases within § 1446(b), but they had chosen *not* to participate in that appeal. *See Kircher IV*, 2006 U.S. App. LEXIS 25660, at *11 ("Although preclusion does not block a successive removal if facts or law change after the initial remand, the 'change' worked by *Kircher II* is not one that [the defendants who opted not to participate in the appeal] may invoke") (internal citation omitted), Exh. H. By contrast, the defendants here *did* participate in the *Kircher II* appeal, are *directly responsible* for the change in law occasioned by *Dabit* (which is intimately related to this litigation), and invoke § 1446(b) based on the Seventh Circuit's order in *Kircher IV* and the state court's order re-opening this case issued less than 30 days ago *in this very case*.[2]

17. This Notice is also timely because "SLUSA imposes no time limits on removal." *Kwiatkowski*, 2005 U.S. Dist. LEXIS 41946, at *4, Exh. L; *see also Bradfisch*, 2005 U.S. Dist. LEXIS 14500, *aff'd* 2006 U.S. App. LEXIS 12394, Exh. K.

18. The Supreme Court and the Seventh Circuit have now made abundantly clear that plaintiffs' claims are precluded by SLUSA, and yet plaintiffs continue to try "to evade [the]

---

[2] "[T]he statute expressly encompasses the case in which the actual facts supporting federal jurisdiction remain unaltered from the initial pleading, but their existence has been manifested only by later papers revealing the grounds for removal for the first time." *Lovern v. General Motors Corp.*, 121 F.3d 160, 162 (4th Cir. 1997). *See* 28 U.S.C. § 1446(b) (removal proper 30 days after paper "from which it may first be ascertained that the case is one which *is or has become* removable") (emphasis added). Thus, both the Third and Fifth Circuits have applied § 1446(b) to permit re-removal where intervening judicial decisions established that the cases were—*and had always been*—removable. *Green v. R. J. Reynolds Tobacco Co.*, 274 F.3d 263 (5th Cir. 2001) (intervening Fifth Circuit opinion clarified meaning of Texas statute); *Doe v. American Red Cross*, 14 F.3d 196 (3d Cir. 1993) (intervening Supreme Court opinion clarified that federal statute conferred removal jurisdiction).

PSLRA in order to litigate a securities class action in state court in the hope that a local judge or jury may produce an idiosyncratic award." *Kircher II*, 403 F.3d at 484, Exh. E.  This Court should not "reward game-playing of this kind." *Benson*, 188 F.3d at 783.

19.     Defendants will promptly serve written notice of the removal of this action upon all adverse parties and will file such notice with the Clerk of the Circuit Court for Madison County, Illinois, as required by 28 U.S.C. § 1446(d).

20.     All defendants join in this notice of removal.  Defendants are represented by the undersigned counsel who certify, pursuant to Rule 11 of the Federal Rules of Civil Procedure, that the foregoing is true and correct.

Respectfully submitted,

Dated:  November 13th, 2006.

/s/Gary A. Meadows
Gordon R. Broom - #00308447
Troy A. Bozarth - #06236748
Gary A. Meadows - #06209493
Hepler, Broom, MacDonald, Hebrank
  True & Noce LLP
103 W. Vandalia, Ste. 300
Edwardsville, IL  62025
Telephone:  (618) 656-0184
Fax:  (618) 656-1364

Mark A. Perry
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036
Telephone:  (202) 955-8500
Fax:  (202) 467-0539

*Attorneys for Janus Capital Management, LLC*

/s/Kurt E. Reitz with consent

Kurt E. Reitz
THOMPSON COBURN LLP
525 West Main Street
Belleville, Illinois 62220-1547
(618) 277-4700

Dale R. Harris
DAVIS GRAHAM & STUBBS LLP
1550 17th Street, Suite 500
Denver, CO 80202
(303) 892-9400

*Attorneys for Janus Investment Fund*

/s/Richard K. Hunsaker with consent

Robert H. Shultz, Jr.
Richard K. Hunsaker
HEYL ROYSTER VOELKER & ALLEN
Suite 100, Mark Twain Plaza II
103 West Vandalia Street
Edwardsville, IL 62025
Telephone: (618) 656-4646
Fax: (618) 656-7940

Thomas B. Smith
ROPES & GRAY LLP
700 12th Street, N.W.
Washington, D.C. 20005
Telephone: (202) 508-4600
Fax: (202) 508-4650

*Attorneys for Scudder International Fund, Inc.*

<u>/s/Richard K. Hunsaker with consent</u>

Richard K. Hunsaker
Robert H. Shultz, Jr.
HEYL ROYSTER VOELKER & ALLEN
Suite 100, Mark Twain Plaza II
103 West Vandalia Street
Edwardsville, IL 62025
Telephone: (618) 656-4646
Fax: (618) 656-7940

Christopher P. Hall
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, New York  10178
Telephone: (212) 309-6702
Fax: (212) 309-6001

*Attorneys for Deutsche Investment Management Americas Inc.*

12

CERTIFICATE OF SERVICE

      The undersigned certifies copies of the foregoing were served upon the following attorneys of record by enclosing the same in an envelope addressed to such attorney with postage fully prepaid and by depositing said envelope in a U.S. Post Office mail box in Edwardsville, Illinois, on this 13th day of November, 2006.

| | |
|---|---|
| Stephen M. Tillery<br>Christine J. Moody<br>Korein Tillery<br>10 Executive Woods Court<br>Belleville, IL 62226 | Robert L. King<br>701 Market Street, Ste. 350<br>St. Louis, MO 63101 |
| George A. Zelcs<br>205 N. Michigan Ave., Ste. 1950<br>Chicago, IL 60601 | Law Offices of Klint Bruno<br>1131 Lake Street<br>Oak Park, IL 60301 |
| Dale R. Harris<br>Davis Graham & Stubbs LLP<br>1550 17th Street, Ste. 500<br>Denver, CO 80202 | Kurt E. Reitz<br>Thompson Coburn LLP<br>525 West Main Street<br>Belleville, IL 62222-0750 |
| Robert H. Shultz, Jr.<br>Richard K. Hunsaker<br>Heyl, Royster, Voelker & Allen, P.C.<br>103 West Vandalia St., Suite 100<br>Edwardsville, IL 62025 | Thomas B. Smith<br>Ropes & Gray LLP<br>700 Twelfth Street, N.W., Suite 900<br>Washington, DC 20005 |
| Christopher P. Hall<br>Morgan, Lewis & Bockius LLP<br>101 Park Avenue, 44th Floor<br>New York, NY 10178 | |

/s/Gary A. Meadows