IN THE UNITED STATE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT POTTER, EDNA GRENCH and DOROTHY LUETTINGER, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> JANUS INVESTMENT FUND, a business trust, JANUS CAPITAL MANAGEMENT, LLC, SCUDDER INTERNATIONAL FUND, INC., a corporation, and DEUTSCHE INVESTMENT MANAGEMENT AMERICAS, INC., <br><br> Defendants. | ) ) ) ) ) ) ) ) No. 03-CV-692-DRH ) ) ) ) ) ) ) ) |

### PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO AMEND COMPLAINT (IN THE ALTERNATIVE TO NOTICE OF FILING OF FIRST AMENDED COMPLAINT) PURSUANT TO FEDERAL RULE 15(a)

After the Court remanded this case to the state court from which Defendants removed it, Defendants successfully appealed the remand order to the Seventh Circuit in the consolidated appeal of *Kircher v. Putnam Funds*, 403 F.3d 478 (7th Cir. 2005). (The Seventh Circuit issued its mandate on May 10, 2005.) In *Kircher*, the Seventh Circuit reversed this Court's judgment and remanded the cases "with instructions to undo the remand orders and dismiss plaintiffs' state-law claims." *Kircher*, 403 F.3d at 484. As discussed more fully below, however, neither that ruling nor the dismissal contemplated in the ruling terminates the litigation.

Plaintiffs seek leave to amend only in the alternative to their Notice of Filing of First Amended Complaint Without Leave of Court Pursuant to Federal Rule 15(a), in the event this Court determines that for some reason Plaintiffs no longer have the right to amend their Complaint without leave of Court.

### RULE 15(a) REQUIRES LEAVE TO AMEND TO "BE FREELY GIVEN"

Federal Rule of Civil Procedure 15(a) provides that once a party's right to amend his pleading without leave of court has expired, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; *and leave shall be freely given when justice so requires.*" As discussed

1



below, this lenient approach to amendment of pleadings may survive either an appeal or a dismissal of the original complaint.

> Rule 15 reflects two of the most important policies of the federal rules. First, the rule's purpose is to provide maximum opportunity for each claim to be decided on its merits rather than on procedural technicalities. This is demonstrated by the emphasis Rule 15 places on the permissive approach that the district courts are to take to amendment requests, no matter what their character may be; the rule is in sharp contrast to the common law and code restriction that amendments could not change the original cause of action. No longer is a party to be irrevocably bound to the legal or factual theory of his first pleading.

WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 1471.

### I. Neither the Seventh Circuit's ruling nor the dismissal it contemplates terminates the litigation and, as a result, this Court may still grant Plaintiffs leave to amend their Complaint.

Judge Easterbrook, the author of *Kircher* has written that "[a]n order dismissing a complaint, but not ending the case, is not a final decision and therefore may not be appealed." *Albiero v. City of Kankakee*, 122 F.3d 417, 418 (7th Cir. 1997). As Judge Ripple (another of the *Kircher* panel members) recently explained in *Raveling v. HarperCollins Publishers, Inc.*, 2005 WL 900232 at *6 (7th Cir. Mar. 4, 2005), "'[w]hen the original complaint alone is dismissed, the litigation has not been terminated and the plaintiff still retains [her] right to amend once as a matter of course under Rule 15(a).'" *Raveling*, 2005 WL 900232 at *6 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1111 (7th Cir. 1984)).

Indeed, it has long been the law in the Seventh Circuit that "[w]hen the original complaint alone is dismissed, the litigation has not been terminated and the plaintiff still retains his right to amend once as a matter of course under Rule 15(a)." *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1111 (7th Cir. 1984) (citing *Peterson Steels, Inc. v. Seidmon*, 188 F.2d 193 (7th Cir.1951)). The Seventh Circuit has long "'"recognized the rule as conferring an absolute right to amend"'" even after dismissal of the original complaint. *Fuhrer v. Fuhrer*, 292 F.2d 140, 142 (7th Cir. 1961) (quoting *Peckham v.Scanlon*, 241 F.2d 761, 764 (7th Cir. 1957) (quoting *Peterson Steels*, 188 F.2d at 194))).

In the present case, the court of appeals has only instructed this Court to "dismiss plaintiffs' state-law claims." *Kircher*, 403 F.3d at 484. The court of appeals did not address the question of amending the

complaint and certainly did not foreclose amendment. Indeed, one of the cases it relied on allowed amendment. *See Dabit v. Merrill Lynch, Pierce, Fenner & Smith*, 395 F.2d 25, 28, 47 (2d Cir. 2005) ("remand[ing] to the district court to dismiss these claims without prejudice so that plaintiffs may (if the pertinent facts warrant) bring new actions that do not include allegations of fraud 'in connection with the purchase or sale of a ... security'"; "[o]rdinarily [SLUSA] dismissal should be without prejudice in order to allow the plaintiff to plead a claim sounding only in state law if possible").

## II. Because Defendants will not be prejudiced by amendment of Plaintiffs' Complaint and because the amendment is not "futile," the Court should grant Plaintiffs leave to amend.

The considerations attendant to a decision regarding whether to grant leave to amend have long been well-established:

> ***If the underlying facts*** or circumstances relied upon by a plaintiff ***may be a proper subject of relief, he ought to be afforded an opportunity to test his claim*** on the merits. In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.–***the leave sought should, as the rules require, be 'freely given.'***

*Foman v. Davis*, 371 U.S. 178, 182 (1962). None of the reasons for denying leave are present in this case.

To begin with, the litigation is still in the beginning phase. Plaintiffs have not amended before, and the only substantive motion which has been decided is Plaintiffs' motion to remand. Thus, Plaintiffs are not guilty of "undue delay, bad faith or dilatory motive." Nor have Plaintiffs repeatedly failed to cure deficiencies through prior amendments.

Likewise, Defendants will not be unduly prejudiced by the proposed amendment. The kind of prejudice which justifies the denial of leave to amend is "[f]or example, if the amendment substantially changes the theory on which the case has been proceeding and is proposed late enough so that the opponent would be required to engage in significant new preparation ...." WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 1487. Defendants will suffer no such "undue prejudice" if Plaintiffs are allowed to file their First Amended Complaint at this early stage of the litigation.

Finally, depending upon how the *Kircher* opinion is interpreted, the proposed amendment is not necessarily "futile." Plaintiffs' proposed amended complaint not only eliminates every allegation which could even remotely be read to suggest that Defendants committed some fraud or engaged in some manipulation which would be actionable under the federal securities laws, Plaintiffs have specifically pled that Defendants did *not* commit any act of the sort that would be actionable under federal securities laws. *See* Proposed First Amended Complaint at ¶¶ 46-47. Moreover, if contrary to Plaintiffs' allegations, Defendants *did* engage in some conduct for which a purchaser or seller of securities could sue Defendants for securities fraud, Plaintiffs have specifically narrowed and limited their claim to those securities holders who held the securities in question *before* Defendants engaged in the conduct which would be actionable under federal securities law. *See* Proposed First Amended Complaint at ¶ 60.

Because of the refinement of Plaintiffs' allegations in their proposed amended complaint, the proposed amendment would not be "futile" unless *Kircher* is read to prohibit every holders' claim of every stripe which is not explicitly exempted from preemption by SLUSA. The *Kircher* opinion can be read to suggest that SLUSA would not preempt certain kinds of holders' state law claims such as a claim for mismanagement or breach of contract. *Kircher*, 403 F.3d at 482-83. Plaintiffs "did not argue in their briefs–and did not maintain at oral argument despite the court's invitation–that their suits allege mismanagement rather than deceit or manipulation.[1] ... Nor does [sic] any of the suits assert that a mutual fund broke a promise, so that state contract law would supply a remedy." These observations suggest that in the *Kircher* panel's view, claims for mismanagement or breach of contract might be outside the preemptive reach of SLUSA, even though they are not among the statutorily enumerated claims exempt from SLUSA preemption. Plaintiffs' proposed amended complaint is exclusively for Defendants' "mismanagement" (*i.e.*, negligence), and if such state law claims are not preempted by SLUSA, then the proposed amendment is not "futile" and should be allowed.

---

[1] This comment is puzzling give the fact that on appeal the plaintiffs were at pains to explain that their claims were

4

## CONCLUSION

For all of the foregoing reasons, the Court should grant Plaintiffs leave to amend his Complaint.

SWEDLOW & KING LLC

By: /s/Robert L. King
ROBERT L. KING
701 Market Street, Suite 350
St. Louis, Missouri 63101
Telephone: (314) 241-4844
Facsimile: (314) 241-3525
E-mail: **king@swedlowking.com**

KOREIN TILLERY LLC
STEPHEN M. TILLERY
EUGENE BARASH
10 Executive Woods Court
Swansea, Illinois 62226
Telephone: (618) 277-1180
Facsimile: (314) 241-3525

KOREIN TILLERY LLC
GEORGE A. ZELCS
Three First National Plaza
70 West Madison, Suite 660
Chicago, Illinois 60602
Telephone: (312) 641-9750
Facsimile: (312) 641-9751
E-mail: gzelcs@koreintillery.com

BONNETT, FAIRBOURN,
 FRIEDMAN & BALINT, P.C.
ANDREW S. FRIEDMAN
FRANCIS J. BALINT, JR.
2901 N. Central Avenue, Suite 1000
Phoenix, AZ 85012
Telephone: (602) 274-1100
Facsimile: (602) 274-1199

*Attorneys for Plaintiffs and the Class*

---

for negligence (as this Court recognized) both in their brief and at oral argument.

## CERTIFICATE OF SERVICE

The undersigned certifies that service of the foregoing document was made by means of the Notice of Electronic Filing on May 13, 2005 to the following counsel of record:

**Gordon R. Broom**
Burroughs, Hepler et al.
103 West Vandalia Street
Suite 300, P.O. Box 510
Edwardsville, IL 62025-0510
grb@ilmolaw.com

**Gary A. Meadows**
Burroughs, Hepler et al.
103 West Vandalia Street
Suite 300, P.O. Box 510
Edwardsville, IL 62025-0510
gam@ilmolaw.com

**Richard K. Hunsaker**
Heyl, Royster et al. - Edwardsville
103 West Vandalia Street
P.O. Box 467
Edwardsville, IL 62025
rhunsaker@hrva.com

**Robert H. Shultz, Jr.**
Heyl, Royster et al. - Edwardsville
103 West Vandalia Street
P.O. Box 467
Edwardsville, IL 62025
rshultz@hrva.com

**Kurt E. Reitz**
Thompson Coburn - Belleville
525 West Main Street
P.O. Box 750
Belleville, IL 62220-0750
kreitz@thompsoncoburn.com

**Thomas B. Smith**
Ropes & Gray LLP
700 Twelfth Street, N.W.
Suite 900
Washington, DC 20005
tbsmith@ropesgray.com

and was caused to be served on the following counsel of record by placing same in an envelope properly addressed with postage fully prepaid and by depositing said envelope in a United States mailbox on May 13, 2005:

**Mark A. Perry**
Gibson, Dunn et al.
1050 Connecticut Avenue, NW
Washington, DC 20036-5306

**Francis S. Chlapowski**
Morgan, Lewis et al. - New York
101 Park Avenue
New York, NY 10178-0060

**John D. Donovan, Jr.**
Ropes & Gray
One International Place
Boston, MA 02110-2624

**Christopher P. Hall**
Morgan, Lewis et al. - New York
101 Park Avenue
New York, NY 10178-0060

(continued on next page)

**David O. Stewart**
**Laura Suchon**
Ropes & Gray LLP
700 Twelfth Street, N.W.
Suite 900
Washington, DC 20005

**Dale R. Harris**
Davis, Graham et al.
Denver County
1550 Seventeenth Street
Suite 500
Denver, CO 80202

                                                      /s/Robert L. King
                                      ROBERT L. KING
                                      701 Market Street, Suite 350
                                      St. Louis, Missouri 63101
                                      Telephone: (314) 241-4844
                                      Facsimile: (314) 241-3525
                                      E-mail: **king@swedlowking.com**