**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

_____

ROBERT POTTER, *et al.*,

          *Plaintiffs*,

        v.

JANUS INVESTMENT FUND, *et al.*,

          *Defendants*.

_____

)
)
)
)
)
)
)
)
)
)
)

3:06-cv-00929-DRH-PMF

3:06-cv-00997-DRH

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS**

Defendants respectfully submit this memorandum of law in support of their motion to dismiss Plaintiffs' First Amended Complaint, dated March 24, 2004 (the "First Amended Complaint" or "Compl."), pursuant to Federal Rule of Civil Procedure 12(b)(6) and the Securities Litigation Uniform Standards Act ("SLUSA"), §§ 77p & 78bb(f).

The Seventh Circuit has already ruled that the original complaint in this action should be dismissed under SLUSA § 77bb(f)(1). *Kircher v. Putnam Funds Trust*, 403 F.3d 478 (7th Cir. 2005) (*Kircher II*), *vacated on other grounds by* 126 S. Ct. 2145 (2006) (*Kircher III*). The First Amended Complaint that is the subject of this motion to dismiss is in all material respects identical to the original complaint in *Kircher II*.[1]

The Seventh Circuit has also affirmed the dismissal of other market timing complaints that are essentially identical to the First Amended Complaint. *Bradfisch v. Templeton Funds,*

---

[1] The First Amended Complaint differs from the original complaint only by the addition of an additional named plaintiff, Edna Grench. *Compare* Complaint (filed in Madison County, Illinois Circuit Court on September 16, 2003 and removed to this Court on October 3, 2003) (attached to Defendants' November 13, 2006 Notice of Removal as Exhibit A), *with* First Amended Complaint (filed in Madison County, Illinois Court on March 24, 2004 and removed to this Court on Nov. 13, 2006) (attached to Defendants' November 13, 2006 Notice of Removal as Exhibit A).

*Inc.*, 179 F. App'x 973, 2006 U.S. App. LEXIS 12394 (7th Cir. May 19, 2006), *reh'g denied*

(with additional explanation) (June 15, 2006) (Exh. M), *motion to vacate denied* (June 19, 2006).

In addition, the United States Supreme Court has emphatically rejected the sole basis for

this Court's prior remand of this action by holding that claims asserted on behalf of "holders"

(and not just purchasers or sellers) come within SLUSA's preclusive scope.[2] *Merrill Lynch,*

*Pierce, Fenner & Smith, Inc. v. Dabit*, 126 S. Ct. 1503, 1515 (2006).  In doing so, the Supreme

Court expressly approved the Seventh Circuit's decision in *Kircher II*.  *Id.* at 1507 ("The

background, the text, and the purpose of SLUSA's pre-emption provision all support the broad[]

interpretation adopted by the Seventh Circuit [in *Kircher II*]."); *see In re Mut. Fund Market-*

*Timing Litig.*, 468 F.3d 439, 441 (7th Cir. 2006) ("*Kircher IV*") (noting that *Dabit* approved

*Kircher II*).[3]

Accordingly, under controlling Seventh Circuit and Supreme Court precedent, this action

cannot be maintained in any court and should be dismissed with prejudice.[4]

## PROCEDURAL BACKGROUND[5]

Plaintiffs initially filed this action in the Circuit Court for Madison County, Illinois on

September 16, 2003.  On October 3, 2003, Defendants timely removed the action to this Court

(Civil Action No. 03-692 (DRH)) on the ground, *inter alia*, that SLUSA precluded Plaintiffs'

claims.  On February 9, 2004, this Court granted Plaintiffs' motion to remand the case to state

court.  The Court's decision was based upon several now-overruled circuit and district court

---

[2]      *See* discussion *infra* at pp. 3–4.

[3]      Although the Supreme Court in *Dabit* expressly approved the Seventh Circuit's reasoning in *Kircher II*, in a separate decision the Supreme Court vacated *Kircher II* on the sole ground that the Seventh Circuit lacked jurisdiction to hear the case because it arose as an appeal of a district court's remand order and was, therefore, barred from review under 28 U.S.C. § 1447(d).  *Kircher III*, 126 S. Ct. 2145; *see* discussion *infra* at pp. 3–5.

[4]      Because SLUSA expressly precludes the First Amended Complaint, Defendants do not assert any additional grounds for dismissal in this motion.  Instead, Defendants expressly reserve all such additional grounds and defenses.

[5]      Copies of the process, pleadings and orders referenced in this memorandum are attached as exhibits to Defendants' November 13, 2006 Notice of Removal.

decisions holding that class action claims on behalf of "holders" did not satisfy SLUSA's "in connection with" requirement and, therefore, were not subject to SLUSA removal or preclusion. *Potter v. Janus Inv. Fund*, No. 03-cv-0692-DRH, 2004 U.S. Dist. LEXIS 9181 (S.D. Ill. Feb. 9, 2004) (Exh. C), *rev'd sub nom.*, *Kircher II*, 403 F.3d 478, *vacated on other grounds by Kircher III*, 126 S. Ct. 2145.

The Seventh Circuit, however, rejected this position. After consolidating Defendants' timely appeals of the remand orders (assigned Nos. 04-1650 & 04-1651) with other related appeals under the lead caption *Kircher v. Putnam Funds Trust, et al.* (the "*Kircher* appeals"), and ruling that it had appellate jurisdiction to review this Court's remand order,[6] the Seventh Circuit held that SLUSA precludes "holder" claims. Accordingly, the court of appeals reversed the remand order and held that this action must be dismissed. *Kircher II*, 403 F.3d at 484.

The Seventh Circuit's decision in *Kircher II* created a direct conflict with *Dabit v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 395 F.3d 25 (2d Cir. 2005), *vacated*, 126 S. Ct. 1503 (2006), in which the Second Circuit held that pure "holder" claims (those that exclude purchasers and sellers) are beyond the reach of SLUSA preclusion. On September 27, 2005, the United States Supreme Court granted certiorari in *Dabit* to resolve the split. The question on which certiorari was granted was "[w]hether, *as the Seventh Circuit held [in Kircher II]* and in direct conflict with the decision below, SLUSA preempts state law class actions . . . brought solely on behalf of persons who were induced thereby to hold or retain (and not purchase or sell) securities?" *See* Exh. F (emphasis added). The Supreme Court answered that question in the affirmative and expressly approved the Seventh Circuit's construction of SLUSA's preclusive scope. *Dabit*, 126 S. Ct. at 1507, 1515. Thus, as the Seventh Circuit recently explained, both it

---

[6]     *Kircher v. Putnam Funds Trust*, 373 F.3d 847 (7th Cir. 2004) (*Kircher I*), *vacated*, *Kircher III*, 126 S. Ct. 2145.

"(in *Kircher II*) and the Supreme Court (in *Dabit*) have held that the district judge's 2004 [remand] decision [in this case] was mistaken."  *Kircher IV*, 468 F.3d at 443.

In a further effort to avoid dismissal of their claims after the Seventh Circuit's decision in *Kircher II*, on May 13, 2005, Plaintiffs filed a proposed amended complaint in this Court.  *See* Exh. I.  Plaintiffs maintained that the "negligent" misconduct alleged in their proposed amended complaint did not fall within SLUSA's preclusive reach.  *Id.* at 4.  On May 27, 2005, this Court struck Plaintiffs' proposed amended complaint, holding that it did not provide a new basis for remand and was, therefore, futile.  *See Potter v. Janus Inv. Fund*, No. 03-cv-0692-DRH (S.D. Ill. May 27, 2005) (Exh. J), *vacated on other grounds by Kircher IV*, 468 F.3d 439.  The Court, therefore, dismissed all of Plaintiffs' claims with prejudice.  *See id.*  Plaintiffs noticed an appeal from the dismissal order on June 27, 2005.

The Seventh Circuit consolidated Plaintiffs' appeal in this case (assigned No. 05-2895) with appeals in related cases under the lead caption *Potter v. Janus Investment Fund, et al.* (the "*Potter* appeals").  In four of the related cases—each of which involves complaints that are functionally identical to Plaintiffs' and that were also remanded by this Court in early 2004—the defendants had not appealed the remand order but, instead, re-removed after *Kircher II* was decided.  This Court denied the motions to remand those cases holding that all of SLUSA's conditions for removal were satisfied and that the cases must be dismissed under SLUSA. *Bradfisch v. Templeton Funds, Inc.*, No. 05-cv-0298-MJR, 2005 U.S. Dist. LEXIS 14500, at *8 (S.D. Ill. July 12, 2005) ("*Kircher [II]* instructs that lawsuits based on allegations such as those in Plaintiffs' complaint herein satisfy [SLUSA's] four conditions and fall within SLUSA's reach. . . . *Kircher [II]* mandates that this Court dismiss all of Plaintiffs' state law claims as barred by SLUSA."), *aff'd* 179 F. App'x 973, 2006 U.S. App. LEXIS 12394 (7th Cir. May 19, 2006), *reh'g*

*denied* (with additional explanation) (June 15, 2006) (Exh. M); *Kwiatkowski v. Templeton Growth Fund, Inc.*, Nos. 05-cv-299, 300, 301-GPM, 2005 U.S. Dist. LEXIS 41946, at *2–3 (S.D. Ill. Aug. 24, 2005) ("[T]he Seventh Circuit found that the broad preemptive effect of SLUSA effectively *blocks* state court litigation of such claims."), *aff'd sub nom. Bradfisch v. Templeton Funds, Inc.*, 179 F. App'x 973, 2006 U.S. App. LEXIS 12394 (7th Cir. May 19, 2006), *reh'g denied* (with additional explanation) (June 15, 2006) (Exh. M).  Prior to its disposition of the rest of the *Potter* appeals, the Seventh Circuit affirmed this Court's dismissal of *Bradfisch* and *Kwiatkowski* "by unpublished order relying on *Dabit*."  *See Kircher IV*, 468 F.3d at 443 (citing *Bradfisch*, 179 F. App'x 973, 2006 U.S. App. LEXIS 12394, *reh'g denied* (with additional explanation) (June 15, 2006) (Exh. M)).

While the *Potter* appeals were pending in the Seventh Circuit, the Plaintiffs sought review of *Kircher I & II* in the United States Supreme Court.  The Supreme Court granted review on January 6, 2006, limited to the question of appellate jurisdiction addressed in *Kircher I*.  *See* Exh. N.  The Supreme Court did not grant review of *Kircher II* because the conflict created by that decision was going to be squarely resolved in *Dabit*.  *See* Exh. F.  On June 15, 2006, the Supreme Court held that the Seventh Circuit did not have appellate jurisdiction to review this Court's remand order, and directed the Seventh Circuit to dismiss the *Kircher* appeals.  *Kircher III*, 126 S. Ct. at 2157.  The judgment issued on July 17, 2006.

On October 16, 2006, the Seventh Circuit issued an opinion dismissing the *Kircher* appeals pursuant to the Supreme Court's mandate in *Kircher III*, vacating the district court's judgments of dismissal in the *Potter* appeals, and ordering that the cases be remanded to state court.  *Kircher IV*, 468 F.3d at 444.  The Seventh Circuit explained that it had appellate jurisdiction over the *Potter* appeals and that Plaintiffs' claims are precluded by SLUSA.  *Id.* at

442, 444.  It nonetheless declined to summarily affirm this Court's judgments of dismissal because *Kircher III* required it to "rewind the litigation to the date in 2004 when *Kircher I* erroneously asserted appellate jurisdiction—a step that would return each case to state court." *Id*. at 442.

The Seventh Circuit pointedly observed, however, that an order of remand "does not block a successive removal if facts *or law* change after the initial remand," and that "*Dabit* supplies an intervening change of law" that might warrant such a removal.  *Id*. at 444 (emphasis added).  The Court also recognized that defendants intended to re-remove the case on the ground "that a second removal is authorized either by 28 U.S.C. § 1446(b) (a new 30-day period for removal opens once an order first demonstrates that the case is removable) or by SLUSA."  *Id*. at 442.  It explained that "[t]here will be time enough to address these arguments if they become important; their resolution ought not be anticipated before the steps that make them relevant have been taken."  *Id*. at 443.  Defendants subsequently removed the action to this Court on November 13, 2006.[7]

---

[7]      Following the Seventh Circuit's ruling in *Kircher IV*, the state court entered an order reopening the case file in that court on November 9, 2006, and Defendants removed the action to this Court on November 13, 2006, where it is pending under docket number 3:06-cv-00929-DRH-PMF.  On November 14, 2006, the Seventh Circuit Clerk issued a mandate for *Kircher IV*, consisting of a certified copy of the court's ruling, and, on November 29, 2006, this Court entered an order implementing the Seventh Circuit's mandate in *Kircher IV*.  On November 30, 2006, the District Court Clerk sent the Court's November 29 order to the Clerk of the state court.  In light of the issuance of the mandate by the Seventh Circuit, and this Court's implementing order, and to avoid any confusion about the court in which this case is pending, Defendants filed an additional Notice of Removal on December 5, 2006.  That Notice of Removal was assigned docket number 3:06-cv-00997-JPG-PMF.  On December 6, 2006, in the case opened by the subsequent Notice of Removal, Defendants filed a motion to consolidate the two cases under 3:06-cv-00929-DRH-PMF.  *See* Motion to Consolidate, *Potter v. Janus Inv. Fund*, No. 3:06-cv-00997-JPG-PMF (S.D. Ill. Dec. 6, 2006) (Doc. No. 3).  On December 12, 2006, Judge Gilbert reassigned the 06-cv-00997 action to this Court.

## ARGUMENT

## THE FIRST AMENDED COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE BECAUSE IT SATISFIES ALL OF THE CRITERIA FOR PRECLUSION UNDER SLUSA

Plaintiffs' First Amended Complaint should be dismissed with prejudice because it is precluded by SLUSA.[8]  A claim falls within the scope of SLUSA preclusion if it:  (1) is brought as part of a "covered class action;" (2) purports to be based on state law; (3) accuses defendant of a misrepresentation or omission of a material fact or the use of a manipulative or deceptive device; and (4) alleges that the conduct described in criterion (3) was "in connection with the purchase or sale" of a "covered security."  *See, e.g., Bradfisch*, 2005 U.S. Dist. LEXIS 14500, at *7–8; 15 U.S.C. §§ 77p(b) & 78bb(f)(1).  In *Dabit*, the Supreme Court emphasized that SLUSA must broadly be applied and that the ordinary presumption against preclusion was inappropriate because "SLUSA does not actually pre-empt any state cause of action.  It simply denies plaintiffs the right to use the class action device to vindicate certain claims."  126 S. Ct. at 1513–14.

### 1.    The First Amended Complaint Is a "Covered Class Action" Involving "Covered Securities" and State Law Claims

The First Amended Complaint asserts a direct, putative class action based upon state law claims.  Compl. ¶¶ 42–45, 50–75.  It has never been disputed that this is a "covered class action" involving "covered securities" and exclusively state law claims, and the Seventh Circuit expressly so held with respect to the original complaint—the same complaint as the First Amended Complaint absent an additional plaintiff.  *See Kircher II*, 403 F.3d at 481

---

[8]    Under SLUSA, 15 U.S.C. § 77p(b) (amending Securities Act); *see also* 15 U.S.C. § 78bb(f)(1) (analogous provision for Exchange Act):

> No covered class action based upon the statutory or common law of any State or subdivision thereof may be maintained in any State or Federal Court by any private party alleging—
>> (1) an untrue statement or omission of a material fact in connection with the purchase or sale of a covered security; or
>> (2) that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security.

("Investments in mutual funds are 'covered securities,' see § 77p(f)(3), and all of these suits are 'covered class actions,' see § 77p(f)(2), because plaintiffs seek to represent more than 50 investors and each action is direct rather than derivative.").  Although *Kircher II* was vacated by *Kircher III*, the Supreme Court in *Dabit* expressly approved *Kircher II*'s reasoning.  That decision, therefore, remains highly persuasive authority.  *See Christianson v. Colt Indus. Operating Corp.*, 870 F.2d 1292, 1298–99 (7th Cir. 1989); *United States ex rel. Espinoza v. Fairman*, 813 F.2d 117, 125 n.7 (7th Cir. 1987), *overruled on other grounds by United States v. LaGrone*, 43 F.3d 332 (7th Cir. 1994).  Moreover, the Seventh Circuit has recently affirmed this Court's ruling that, under *Kircher II*, functionally identical complaints met *all* of SLUSA's criteria.  *See Bradfisch*, 2005 U.S. Dist. LEXIS 14500, at *7–8, *aff'd*, 179 F. App'x 973, 2006 U.S. App. LEXIS 12394, *reh'g denied* (with additional explanation) (June 15, 2006) (Exh. M).[9]

### 2.   The Supreme Court Has Rejected Plaintiffs' Holder Argument

As set forth above, the *sole* basis for this Court's 2004 remand order was that SLUSA's "in connection with" requirement was not met because Plaintiffs' claims were on behalf of "holders," rather than purchasers or sellers of securities.  This argument has now been rejected by the Supreme Court.  126 S. Ct. at 1515; *see also Kircher III*, 126 S. Ct. at 2151 & n.5 (explaining that *Dabit* rejected the reasoning underlying this Court's prior remand).  In doing so, the Supreme Court clarified that "[f]or purposes of SLUSA pre-emption, that distinction is irrelevant; the identity of the plaintiffs does not determine whether the complaint alleges fraud 'in connection with the purchase or sale' of securities."  *Dabit*, 126 S. Ct. at 1515.[10]  As noted,

---

[9]   While the Seventh Circuit's decision in *Bradfisch* is unpublished, it falls within the "law of the case" exception to the no-citation rule.  *See* 7th Cir. R. 53(b)(2)(iv).  As explained *supra*, *Bradfisch* was consolidated with this case on appeal.

[10]   The Supreme Court appears to have used "fraud" as shorthand for the various types of misconduct enumerated in SLUSA, 15 U.S.C. § 77p(b).

*Dabit* expressly approved the Seventh Circuit's reasoning in *Kircher II*. *Id.* at 1507; *see Kircher IV*, 468 F.3d at 441.

The Supreme Court's and Seventh Circuit's holdings that Plaintiffs' claims are "in connection with" the purchase or sale of securities for purposes of SLUSA preclusion provides ample basis for setting aside this Court's 2004 conclusion to the contrary. *See, e.g.*, *Lenard v. Argento*, 808 F.2d 1242, 1246 (7th Cir. 1987) ("[A] change of law is a reason not to apply the doctrine of law of the case."). To permit Plaintiffs to continue to try "to evade [the] PSLRA in order to litigate a securities class action in state court in the hope that a local judge or jury may produce an idiosyncratic award," *Kircher II*, 403 F.3d at 484, in light of this intervening, controlling authority would constitute a substantial injustice.[11] *See Dabit*, 126 S. Ct. at 1511, 1513 (noting that Congress enacted SLUSA to prevent plaintiffs from evading the PSLRA's requirements by resorting to state law and state courts for securities class actions, and that such actions should be stopped at the earliest stage of litigation). This Court should not "reward game-playing of this kind." *Benson v. SI Handling Sys., Inc.*, 188 F.3d 780, 783 (7th Cir. 1999).

### 3. The First Amended Complaint Alleges a Misrepresentation or Omission or the Use of a Manipulative or Deceptive Device in Connection with the Purchase or Sale of Securities

It is also clear that the First Amended Complaint alleges misrepresentations or omissions or manipulative or deceptive devices in connection with the purchase or sale of a covered security. SLUSA's "in connection with" language is identical to that of § 10(b) of the Securities Exchange Act of 1934, which prohibits misstatements and manipulation "in connection with" the purchase or sale of any security. In *Dabit*, the Supreme Court held that the "in connection with" phrase in SLUSA must be accorded the same "broad interpretation" as the Supreme Court

---

[11]     *See Evans v. City of Chicago*, 873 F.2d 1007, 1014 (7th Cir. 1989) (Law of the case is a " 'self-imposed prudential limitation' " that may be set aside if " 'controlling authority has since made a contrary decision of law applicable to such issues; or the decision was clearly erroneous, and would work a substantial injustice.' ").

employs with respect to the phrase in the context of § 10(b) and Rule 10b-5.  126 S. Ct. at 1513–14.  The Supreme Court explained that, "[u]nder our precedents, it is enough that the fraud alleged 'coincide' with a securities transaction—whether by the plaintiff or by someone else."  *Id.* at 1513 (citing *United States v. O'Hagan*, 521 U.S. 642 (1997)); *see also SEC v. Zandford*, 535 U.S. 813, 825 (2002).

Plaintiffs' claims meet SLUSA's "in connection with" requirement because the purchases and redemptions of fund shares by market timers bear the requisite causal nexus with the alleged misconduct.  The First Amended Complaint alleges that the Defendants' use of inaccurate mutual fund share prices through their purported failure adequately to implement fair value pricing when calculating fund NAVs created arbitrage opportunities that were exploited by market timers.  *See, e.g.,* Compl. ¶¶ 18, 21, 34–41, 56–57, 61, 69–70, 74.  This alleged misconduct coincided with (indeed, according to the First Amended Complaint, facilitated) the purchase or sale of securities by market timers.  *Id.*  According to the First Amended Complaint, the market-timing trades diluted investors' fund share value, for which (the theory goes) the Funds are liable as a result of their having "permitted" market timing.  *Id.* ¶¶ 35–36, 38–39, 57, 61, 70, 74.  Plaintiffs have, therefore, pleaded precisely the misconduct that SLUSA precludes.

Nor can Plaintiffs attempt to evade SLUSA's preclusion provision by purporting to plead a claim based upon negligence.  In fact, in the Supreme Court, Plaintiffs conceded that SLUSA's reach extends to negligence claims.  Tr. of *Kircher* Arg. at 57 (Exh. Q) (excerpt).  Moreover, the Seventh Circuit has *twice* rejected Plaintiffs' argument that their "negligent mismanagement" claims do not allege misconduct that falls within SLUSA's parameters.

In *Kircher II*, the Seventh Circuit explained that Plaintiffs have in effect alleged a misstatement or omission covered by SLUSA:

> Suppose the funds stated in their prospectuses that they took actions
> to prevent arbitrageurs from exploiting the fact that each fund's net
> asset value is calculated only once a day. That statement, if false
> (and known to be so), could support [an] enforcement action [under
> Rule 10b-5], for the deceit would have occurred in connection with
> investors' purchases of the funds' securities. Similarly, if these
> funds had stated bluntly in their prospectuses (or otherwise disclosed
> to investors) that daily valuation left no-load funds exposed to short-
> swing trading strategies, that revelation would have squelched
> litigation of this kind.
>
> These observations show that *plaintiffs' claims depend on statements
> made or omitted* in connection with *their own* purchases of the funds'
> securities. They could have brought them directly under Rule 10b-5
> in federal court (to the extent that the purchases occurred within the
> period of limitations). Indeed, most of the approximately 200 suits
> filed against mutual funds in the last two years alleging that the home-
> exchange-valuation rule can be exploited by arbitrageurs have been
> filed in federal court under Rule 10b-5.

*Kircher II*, 403 F.3d at 484 (emphasis added); *see* Compl. ¶¶ 13, 51, 64 (alleging that the Funds

were marketed as beneficial for long-term investors); *see also id.* at pp. 17, 19, 21, 23 (seeking

punitive damages in connection with all counts against Defendants).

In *Bradfisch*, the Seventh Circuit held that complaints identical to the one at issue here—

in actions where the investors are represented by the same lawyers, who advanced the same

arguments— alleged misconduct covered by SLUSA. The Seventh Circuit expressly rejected

plaintiffs' argument that "*Dabit* does not control because (in [plaintiffs'] view) the defendant

funds have been negligently managed," noting that plaintiffs "have not sought relief through

derivative litigation and therefore cannot take advantage of the exception for that kind of suit in

the Securities Litigation Uniform Standards Act of 1998." 179 F. App'x at 973, 2006 U.S. App.

LEXIS 12394, at *2. In fact, Plaintiffs' complaint can *only* be understood as alleging a

misrepresentation or omission in connection with their purchase of securities, because if it is not

based on such allegations, it pleads a classic derivative injury that cannot be redressed in a class

action.  *See Kircher II*, 403 F.3d at 483 ("A claim based on mismanagement likely would need to be cast as a derivative action, which none of these suits purports to be.").[12]

The federal court overseeing the multidistrict mutual fund litigation has similarly concluded that "negligence" claims identical to Plaintiffs'—again, in actions where the investors are represented by the same lawyers, who advanced identical arguments—are precluded by SLUSA.  *See Mehta v. AIG Sunamerica Life Assur. Co. (In re Mut. Funds Inv. Litig.)*, 437 F. Supp. 2d 439 (D. Md. 2006), *appeal pending*.  That court explained that the "element of a misrepresentation or omission of a material fact is satisfied when a plaintiff alleges a misrepresentation concerning the value of the securities sold or the consideration received in return," which "is exactly what the plaintiffs have done here."  *Id.* at 443 (internal quotations omitted); *see, e.g.*, Compl. ¶¶ 31–36.  Consequently, regardless of how Plaintiffs might seek to characterize their claims, their allegations make clear that SLUSA applies.  As the Seventh Circuit has expressly cautioned, a plaintiff's "labels" have no bearing on whether, as here, claims are precluded by SLUSA.  *See Bradfisch*, 179 F. App'x at 973; 2006 U.S. App. LEXIS 12394, at *2.[13]

---

[12]     "All decisions are in fundamental agreement . . . [that] a wrongful act that depletes corporate assets and thereby injures shareholders only indirectly, by reason of the prior injury to the corporation, should be seen as derivative in character . . . ."  2 PRINCIPLES OF CORPORATE GOVERNANCE § 7.01, cmt. c.  That is precisely what Plaintiffs have alleged here by pleading that market timing dilutes the value of the funds and, as a result, only indirectly reduces the Plaintiffs' respective ownership interests in the funds.

[13]     As noted in text, plaintiffs are appealing the district court's ruling in *Mehta*.  Yet, in their argument to the Fourth Circuit, plaintiffs could locate just one case to support their negligence argument, *Xpedior Creditor Trust v. Credit Suisse First Boston (USA) Inc.*, 341 F. Supp. 2d 258 (S.D.N.Y. 2004).  That case, however, does not involve a negligence claim, and is neither controlling nor persuasive here.  In *Xpedior*, the U.S. District Court for the Southern District of New York declined to grant the defendant underwriter's motion to dismiss, as precluded by SLUSA, in a case alleging state law claims for breach of contract, breach of the duty of good faith and fair dealing, breach of fiduciary duty and unjust enrichment.  *Id.* at 269–70.  In sharp contrast to Plaintiffs' negligence claims in this case, which the Seventh Circuit has expressly held can only be understood as "depend[ing] on statements made or omitted," *Kircher II*, 403 F.3d at 484, the district court ruled that plaintiffs' claims in *Xpedior* neither relied on any misrepresentation or omissions nor "sounded in fraud."  341 F. Supp. 2d at 269.  Moreover, unlike the First Amended Complaint, the complaint in *Xpedior* did not make any allegations about the defendant's intentions or mental state when the parties entered into the contract at issue.  *Id.*; *compare* Compl. ¶¶ 56, 61, 69, 74.  Accordingly, *Xpedior* has no bearing on Plaintiffs' purported negligence claims.

Finally, Plaintiffs have waived any argument that the First Amended Complaint remains viable because it purportedly alleges only negligence.  Plaintiffs did not previously raise this argument before any court until 2006 when it first appeared in their brief on the merits to the Supreme Court.[14]  Although Plaintiffs have previously contended that their negligent mismanagement argument cannot be waived because it pertains to the federal courts' subject matter jurisdiction, the Seventh Circuit has rejected a variant of this contention:

> Although challenges to the subject-matter jurisdiction of a federal court are conventionally said not to be waivable, so that such a challenge can be mounted for the first time on appeal and can indeed be made by the court itself, it is not true that waiver or forfeiture plays no role in determinations of jurisdiction.  If the district court makes a factual determination that supports jurisdiction and the party opposing jurisdiction does not challenge the finding . . . he forfeits his objection to the finding, though not to the inference of jurisdiction drawn from the finding.

*Workman v. UPS, Inc.*, 234 F.3d 998, 999–1000 (7th Cir. 2000).  In previously dismissing this action with prejudice, *see* Exh. J, this Court made an implicit finding that the Plaintiffs had alleged the type of misconduct that would bring their claims within SLUSA, as the Funds demonstrated in their opening brief in *Kircher II*.  Joint Brief for Appellants at 12 n.4, *Kircher II*, 403 F.3d 478 (excerpt of brief attached to this memorandum as Exhibit #1).  Nonetheless, the Plaintiffs "did not argue in their briefs—and did not maintain at oral argument despite the court's invitation—that their suits allege mismanagement rather than deceit or manipulation."  *Kircher II*, 403 F.3d at 482–83.  The Plaintiffs thereby waived a jurisdictional *fact*, and this Court should hold them to the consequences of that waiver.

---

[14]    Plaintiffs failed to raise the argument in their petition for a writ of certiorari to the Supreme Court.

## CONCLUSION

Because all of Plaintiffs' allegations satisfy all of SLUSA's criteria for preclusion, the

First Amended Complaint should be dismissed with prejudice.

Dated:  December 12, 2006                    Respectfully submitted,

                                             /s/  Richard K. Hunsaker
                                            HEYL ROYSTER VOELKER & ALLEN
                                            Richard K. Hunsaker, #06192867
                                            Suite 100, Mark Twain Plaza II
                                            103 West Vandalia Street
                                            Edwardsville, IL 62025
                                            Telephone: (618) 656-4646
                                            Fax: (618) 656-7940

                                            MORGAN, LEWIS & BOCKIUS LLP
                                            Christopher P. Hall
                                            Todd D. Brody
                                            101 Park Avenue
                                            New York, New York  10178
                                            Telephone: (212) 309-6702
                                            Fax: (212) 309-6001

                                            *Attorneys for Deutsche Investment Management*
                                            *Americas Inc.*

                                             /s/ Richard K. Hunsaker
                                            HEYL ROYSTER VOELKER & ALLEN
                                            Richard K. Hunsaker, #06192867
                                            Suite 100, Mark Twain Plaza II
                                            103 West Vandalia Street
                                            Edwardsville, IL 62025
                                            Telephone: (618) 656-4646
                                            Fax: (618) 656-7940

                                            ROPES & GRAY LLP
                                            John D. Donovan, Jr.
                                            Thomas B. Smith
                                            One International Place
                                            Boston, MA  02110
                                            Telephone: (617) 951-7000
                                            Fax: (617) 951-7050

                                            *Attorneys for Scudder International Fund, Inc.*

_____/s/  Gary A. Meadows (with consent)_____
HEPLER, BROOM, MACDONALD, HEBRANK
& TRUE & NOCE LLP
Gary A. Meadows, #06209493
103 W. Vandalia, Ste. 300
Edwardsville, IL 62025
Telephone:  (618) 656-0184
Fax:  (618) 656-1364

GIBSON, DUNN & CRUTCHER LLP
Mark A. Perry
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036
Telephone:  (202) 955-8500
Fax:  (202) 467-0539

*Attorneys for Janus Capital Management, LLC*


_____/s/  Kurt E. Reitz (with consent)_____
THOMPSON COBURN LLP
Kurt E. Reitz
525 West Main Street
Belleville, Illinois 62220-1547
(618) 277-4700

DAVIS GRAHAM & STUBBS LLP
Dale R. Harris
1550 17th Street, Suite 500
Denver, CO 80202
(303) 892-9400

*Attorneys for Janus Investment Fund*

15

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 12, 2006, I electronically filed MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Stephen M. Tillery, stillery@koreintillery.com

George A. Zelcs, gzelcs@koreintillery.com

and I hereby certify that on December 13, 2006, I mailed by United States Postal Service,

the documents to the following non-registered participants at the addresses listed below:

Robert L. King                             Law Offices of Klint Bruno
701 Market Street, Ste. 350                1131 Lake Street
St. Louis, MO  63101                       Oak Park, IL  60301

Dale R. Harris                             John D. Donovan, Jr.
Davis Graham & Stubbs LLP                  Thomas B. Smith
1550 17th Street, Ste. 500                 Ropes & Gray LLP
Denver, CO  80202                          One International Place
                                           Boston, MA  02110

Mark A. Perry
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036

                              /s/ Richard K. Hunsaker
                             HEYL ROYSTER VOELKER & ALLEN