IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

_____
                                            )
ROBERT POTTER, *et al.*,                    )
                                            )
        *Plaintiffs*,                     )
                                            )
   v.                                     )   3:06-cv-00929-DRH-PMF
                                            )
JANUS INVESTMENT FUND, *et al.*,            )
                                            )
        *Defendants.*                     )
_____ )

**REPLY MEMORANDUM IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS**

      Plaintiffs' claims are barred by the Securities Litigation Uniform Standards Act ("SLUSA"), 15 U.S.C. §§ 77p & 78bb(f), as this Court and the Seventh Circuit Court of Appeals have repeatedly held. Plaintiffs' characterization of their claims as "negligence" does not overcome the fact that the complaint rests on allegations of misrepresentation, omission and/or manipulative or deceptive conduct "in connection with" the purchase and sale of securities.

**I.    Plaintiffs' Avoidance of Particular Words Does Not Alter the Fact that the First Amended Complaint Alleges Conduct Involving a Misrepresentation.**

      The Seventh Circuit has expressly stated that a plaintiff's "labels" have no bearing on whether claims are precluded by SLUSA. *See Bradfisch v. Templeton Funds, Inc.*, 179 F. App'x 973, 973, 2006 U.S. App. LEXIS 12394, at *2 (7th Cir. May 19, 2006), *reh'g denied* (with additional explanation) (June 15, 2006) (attached to Defendants' Notice of Removal as Ex. M). Despite Plaintiffs' avoidance of the labels "misrepresentation" and "omission" in their First Amended Complaint ("FAC"), Plaintiffs substantively allege a "misrepresentation or omission of a material fact" because they claim that Defendants failed to do what the prospectuses said they

would.  Specifically, the FAC alleges that the Janus Defendants did not follow the "Janus Overseas [Fund's] portfolio valuation and share pricing policies and procedures" stated in the fund's prospectuses.  *See* FAC ¶¶ 57(ii), 61(iii); *see also* FAC ¶¶ 70(ii), 74(iii) (same allegations against the Scudder International Fund).  In Plaintiffs' Memorandum in Support of Their Motion to Remand for Lack of Subject Matter Jurisdiction and in Opposition to Defendants' Motion to Dismiss ("Opposition" or "Opp."), Plaintiffs quote this <u>same exact passage</u> from the FAC, with a curious omission.  They state that "defendants failed 'to implement . . . portfolio valuation and share pricing policies and procedures'" (Opp. at 3 (quoting FAC ¶¶ 57(ii) and 70(ii))), omitting that the allegedly unimplemented policies and procedures were those that Defendants stated would be implemented — in other words, <u>that Defendants misrepresented their actual policies and procedures</u>.  In addition, the FAC claims that Defendants' alleged negligence allowed arbitrageurs to engage in manipulative or deceptive practices to the detriment of other mutual fund investors.  *See* FAC at ¶¶ 18, 21, 34–41, 56–57, 61, 69–70, 74.

The Seventh Circuit has <u>twice</u> rejected Plaintiffs' argument that their "negligent mismanagement" claims are not subject to SLUSA.  *See* Memorandum of Law in Support of Defendants' Motion to Dismiss ("Opening Br.") at 10–12.  Indeed, Plaintiffs concede that the Seventh Circuit rejected their argument that the alleged misconduct does not involve misrepresentations or omissions.  *See* Ex. A at 4 ("According to the panel, either Plaintiffs' claims are derivative actions for corporate mismanagement or they must be claims for misrepresentations or false omissions in connection with their purchase or sale of securities.").[1]

The same lawyers representing plaintiffs in this case have also had these arguments rejected by Chief Judge Motz in *Mehta v. AIG Sunamerica Life Assur. Co. (In re Mut. Funds Inv.*

---

[1] Plaintiffs also conceded in their argument to the Supreme Court that SLUSA's reach extends to their negligence claims.  Opening Br. at 10 (citing Tr. of *Kircher* Arg. at 57).

*Litig.*), 437 F. Supp. 2d 439 (D. Md. 2006) ("negligence" claims identical to Plaintiffs' precluded by SLUSA), *appeal pending*. Indeed, Plaintiffs concede in their Opposition that the *Mehta* court "dismissed complaints involving allegations like those here" after concluding that the conduct alleged was "tantamount to a security issuer's deliberate misrepresentation of a security's price . . . ." Opp. at 8. Plaintiffs' attempt to distinguish *Mehta* — by claiming that Defendants could have discouraged market timing by other means (Opp. at 8–9) — fails because the *Mehta* defendants could have done the same thing. In fact, the claims in *Mehta* are substantively identical to the claims here; namely, that plaintiffs suffered dilutive damage to their holdings because market timers exploited the "stale" prices of defendants' funds/annuities. *See Mehta*, 437 F. Supp. 2d at 440. As in *Mehta*, the claims here should be dismissed under SLUSA. *See also Prof'l Mgmt. Assocs. v. KPMG LLP*, 335 F.3d 800, 803 (8th Cir. 2003) (SLUSA mandates the dismissal of class-action complaints that even "implicitly allege" misrepresentations); *Patenaude v. Equitable Life Assur. Soc'y*, 290 F.3d 1020, 1025 (9th Cir. 2002) (recognizing "the broad reach of SLUSA's plain language").

Plaintiffs' continued, extensive reliance upon *Xpedior Creditor Trust v. Credit Suisse First Boston (USA) Inc.*, 341 F. Supp. 2d 258 (S.D.N.Y. 2004), is misplaced. *Xpedior* did not involve a plaintiff's attempt to cast its SLUSA-precluded claims as negligence claims, and is also inapposite for the reasons set out in Defendants' Opening Brief at 12 n.13, which Plaintiffs do not contest in their Opposition.

**II.     This Court May Rely on the Reasoning of *Bradfisch*.**

In *Bradfisch*, the Seventh Circuit held that a virtually identical complaint should be dismissed under SLUSA. 179 F. App'x 973, 2006 U.S. App. LEXIS 12394. Plaintiffs argue that *Bradfisch* is no longer good law because the Seventh Circuit relied on its earlier decision in

*Kircher v. Putnam Funds Trust*, 403 F.3d 478 (7th Cir. 2005) (*Kircher II*), which was vacated by the Supreme Court. 126 S. Ct. 2145 (2006). But the Supreme Court approved and embraced the Seventh Circuit's reasoning on the merits of *Kircher II* in *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit*, 126 S. Ct. 1503, 1515 (2006). Furthermore, nothing in law or logic requires this Court to ignore a prior decision's <u>persuasive</u> value. "The past cannot always be erased by a new judicial declaration." *Chicot County Drainage Dist. v. Baxter State Bank*, 308 U.S. 371, 374 (1940); *see also United States v. Mechanik*, 475 U.S. 66, 71 (1986). And the Seventh Circuit made precisely this point when denying the petition for rehearing in *Bradfisch*:

> [The Investors] could obtain relief only if this court were prepared to reexamine the holding of *Kircher II*, for their cases are materially identical to those resolved in that decision. But the reasoning in *Kircher II* was approved by the Supreme Court in *Dabit*, and certiorari was denied in *Kircher II* itself to the extent that the plaintiffs sought review of the substantive portion of our decision. We do not perceive any reason why the substantive holding of *Kircher II* should not be applied to these four appeals.

(Ex. M to Defendants' Notice of Removal).[2]

### III. Defendants' Alleged Misrepresentations Were "In Connection With" the Purchase or Sale of Securities.

SLUSA's "in connection with" requirement is satisfied by Plaintiffs' claim that their shares were not valued in compliance with the prospectus representations. Plaintiffs argue their claims are not based on any misrepresentation in connection with the purchase or sale of a security because the alleged misconduct involves the value of the security after a security is purchased or sold. *See* Opp. at 10. It is the challenged conduct, however, not the resulting harm, that must be "in connection with" the purchase or sale of securities in order to trigger SLUSA preclusion. *See Prof'l Mgmt. Assocs.*, 335 F.3d at 803 ("in connection with" requirement of

---

[2] The Seventh Circuit's decision in *Bradfisch* also falls within the "law of the case" exception to the no-citation rule. *See* Opening Br. at 8 n.9.

3

SLUSA "is not limited to cases involving damages claimed as a result of the purchase or sale of securities"); *Zoren v. Genesis Energy, L.P.*, 195 F. Supp. 2d 598, 604 (D. Del. 2002) (courts assess the complaint as a whole to determine whether SLUSA's elements are met, "regardless of the prayer for relief"). Indeed, <u>all</u> plaintiffs who sue under Rule 10b-5 alleging that they purchased securities at an artificially-inflated price suffered damage only <u>after</u> they acquired their shares, when the stock price dropped in response to the disclosure of information revealing earlier information to have been false. SLUSA undeniably precludes these claims even though the effects are not felt until after plaintiffs purchased their shares. *See Falkowski v. Imation Corp.*, 309 F.3d 1123, 1131 (9th Cir. 2002) ("in connection with" requirement satisfied if the misrepresentation has more than just a "tangential relation to the securities transaction").

**IV.     Plaintiffs' Mantra-Like Description of Their Claims as "Negligence" Is Irrelevant to the Waiver Issue.**

Plaintiffs devote half of their Opposition to prove that they "pled negligence from the very beginning and have never wavered on (or waived) that point." Opp. at 11. But the key issue is not whether Plaintiffs' original complaint purported to plead claims under common-law negligence; rather, the issue is whether the claims — regardless of their label — turn on allegations of misrepresentations, omissions or other deceptive or manipulative practices, requiring preclusion under SLUSA. In the prior appeals, Defendants correctly argued that Plaintiffs' claims <u>do</u> turn on such allegations. *See* Opening Br. at 10–11. Plaintiffs have never contended otherwise in their briefing in the district court or the Seventh Circuit, and when given the opportunity to articulate a state-law theory of their case that was not dependent on a

misrepresentation or other misconduct covered by SLUSA, they were unable to do so (as the transcript excerpt included in Plaintiffs' Opp. at 14–17 demonstrates).[3]

Plaintiffs contend that they could not have waived the issue because it goes to subject matter jurisdiction.  But the Supreme Court in *Dabit* did not treat this issue as jurisdictional.  The Seventh Circuit has also rejected a variant of Plaintiffs' contention.  *See* Opening Br. at 13 (quoting *Workman v. UPS,* 234 F.3d 998, 999–1000 (7th Cir. 2000)).  Because Plaintiffs have waived their right to argue that their allegations do not rest on misrepresentations, omissions or manipulative or deceptive conduct, the FAC must be dismissed as precluded by SLUSA.

Dated:  February 2, 2007    Respectfully submitted,

  /s/  Richard K. Hunsaker
HEYL ROYSTER VOELKER & ALLEN
Robert H. Shultz, Jr., #03122739
Richard K. Hunsaker, #06192867
Suite 100, Mark Twain Plaza II
103 West Vandalia Street
Edwardsville, IL 62025
Telephone: (618) 656-4646
Fax: (618) 656-7940

MORGAN, LEWIS & BOCKIUS LLP
Christopher P. Hall
Todd D. Brody
101 Park Avenue
New York, New York  10178
Telephone: (212) 309-6702
Fax: (212) 309-6001

*Attorneys for Deutsche Investment Management Americas Inc.*

---

[3] It is now too late for Plaintiffs to make an argument that they waived before the Seventh Circuit during the first round of appeals.  *See, e.g., Barrow v. Falck*, 11 F.3d 729, 730 (7th Cir. 1993) ("An argument bypassed by the litigants, and therefore not presented in the court of appeals, may not be resurrected on remand and used as a reason to disregard the court of appeals' decision.").

5

  /s/ Richard K. Hunsaker
HEYL ROYSTER VOELKER & ALLEN
Robert H. Shultz, Jr., #03122739
Richard K. Hunsaker, #06192867
Suite 100, Mark Twain Plaza II
103 West Vandalia Street
Edwardsville, IL 62025
Telephone: (618) 656-4646
Fax: (618) 656-7940

ROPES & GRAY LLP
John D. Donovan, Jr.
Thomas B. Smith
One International Place
Boston, MA  02110
Telephone: (617) 951-7000
Fax: (617) 951-7050

*Attorneys for Scudder International Fund, Inc.*


   /s/  Gary A. Meadows (with consent)
HEPLER, BROOM, MACDONALD, HEBRANK
& TRUE & NOCE LLP
Gordon R. Broom, #00308447
Troy A. Bozarth, #06236748
Gary A. Meadows, #06209493
103 W. Vandalia, Ste. 300
Edwardsville, IL 62025
Telephone:  (618) 656-0184
Fax:  (618) 656-1364

GIBSON, DUNN & CRUTCHER LLP
Mark A. Perry
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036
Telephone:  (202) 955-8500
Fax:  (202) 467-0539

*Attorneys for Janus Capital Management, LLC*

       /s/  Kurt E. Reitz (with consent)
THOMPSON COBURN LLP
Kurt E. Reitz
525 West Main Street
Belleville, Illinois 62220-1547
(618) 277-4700

DAVIS GRAHAM & STUBBS LLP
Dale R. Harris
1550 17th Street, Suite 500
Denver, CO 80202
(303) 892-9400

*Attorneys for Janus Investment Fund*

## **PROOF OF SERVICE**

The undersigned certifies that on February 2, 2007, we electronically filed the Reply Memorandum in Support of Defendants' Motion to Dismiss with the Clerk of Court using the CM/ECF system, which will send notification of such filing(s) to the following:

| | |
|---|---|
| Kurt E. Reitz | kreitz@thompsoncoburn.com;hhooks@thompsoncoburn.com; campbell@thompsoncoburn.com |
| Stephen M. Tillery | stillery@koreintillery.com |
| Klint Bruno | kbruno@koreintillery.com |
| George Zelcs | gzelcs@koreintillery.com |
| Robert King | robertlking@charter.net |
| Gary Meadows | gam@heplerbroom.com |

The undersigned also certifies that on February 2, 2007, we mailed by United States Postal Service the same document to the following non-registered participants:

Dale R. Harris
Davis Graham & Stubbs LLP
1550 17th Street, Ste. 500
Denver, CO 80202

Christopher P. Hall
Morgan, Lewis & Bockius LLP
101 Park Ave., 44th Floor
New York, NY 10178

Thomas B. Smith
Ropes & Gray LLP
700 Twelfth Street, N.W., Ste. 900
Washington DC 20005

By: /s/ Richard K. Hunsaker
    HEYL, ROYSTER, VOELKER & ALLEN